**UNITED STATES of America,**
**Appellee,**

v.

**Gerald Nathan UNGER, a/k/a Gere Unger, a/k/a Sealed Defendant # 1, Defendant–Appellant.**

No. 05–2992–cr.

United States Court of Appeals, Second Circuit.

March 13, 2008.

Bruce R. Bryan, Syracuse, NY, for Appellant.

Elizabeth S. Riker, Assistant United States Attorney, (Glenn T. Suddaby, United States Attorney, Edward R. Broton, Assistant United States Attorney, Of Counsel), United States Attorney's Office for the Northern District of New York, Syracuse, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Gerald Nathan Unger appeals from a judgment of conviction and sentence following a guilty plea to two counts of mail fraud in violation of 18 U.S.C. § 1341. Unger was sentenced principally to a term of 27 months' imprisonment and a three-year term of supervised release with certain conditions of supervision. On appeal, Unger through counsel and *pro se*, raises several challenges to the special conditions of supervised released imposed by the District Court: (1) he contends that the condition prohibiting him from practicing medicine or law is ambiguous, or, alternatively, that the condition does bear a "reasonably direct relationship" to the offense, U.S.S.G. § 5F1.5; (2) he argues that the requirement that he "check with [the] Court and the [P]robation [Office]" prior to commencing any new employment is both unreasonable and an impermissible delegation of the Court's judicial function; (3) he contends that the District Court's imposition of a special condition that he "shall not incur new credit charges or open a additional lines of credit without the approval of the probation officer" is plain error. He also asks that we (4) dismiss the requirement that he submit to drug testing; (5)

construe the employment conditions of supervised release so as to permit him to teach and work in areas related to medicine or law, including volunteer work reviewing disability claims with a non-profit organization; (6) reduce the amount of restitution imposed by the District Court; and (7) if we determine that remand is appropriate, remand the case to the District Court for the Southern District of New York. We assume the parties' familiarity with the facts, the issues on appeal, and the procedural history of this case.

We review sentencing decisions, including the imposition of conditions of supervised release, for abuse of discretion. *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007); *United States v. Bello,* 310 F.3d 56, 59 (2d Cir. 2002). Where a defendant did not object to the imposition of a special condition of supervised release at the time it was imposed, our review is for plain error, "which precludes us from correcting an error unless it affects a defendant's 'substantial rights.'" *United States v. Simmons,* 343 F.3d 72, 80 (2d Cir.2003) (quoting *United States v. Keigue,* 318 F.3d 437, 441 (2d Cir.2003)).

We conclude that District Court did not abuse its discretion in imposing the conditions of supervised release here. First, we believe that the special condition prohibiting defendant from practicing law or medicine is not ambiguous. *Simmons,* 343 F.3d at 81 ("[A probationer has a] due process right to conditions of supervised release that are sufficiently clear to inform him of what conduct will result in his being returned to prison.") (citation and quotation marks omitted). The condition is also "reasonably related to ... the nature and circumstances of the offense and characteristics of the defendant [as well as] the purposes of sentencing." *United States v. Germosen,* 139 F.3d 120, 131 (2d Cir.1998). We note that defendant concedes that he cannot practice law or medicine because he is not licensed to practice either profession and, accordingly, does not object to such a condition. Instead, he contests the potential interpretation of the condition to prohibit him from engaging in certain activities related to the practice of law or medicine. We decline to opine on whether any of defendant's proposed activities—teaching or volunteer work—constitute the practice of law or medicine. Such an issue is better addressed by the District Court in the first instance. We conclude that the District Court did not abuse its discretion in imposing this condition.

There appears to be no dispute among the parties that the District Court's imposition of the standard condition of supervised release requiring notification of the Probation Office prior to any change in employment is not objectionable. The government concedes that the District Court's oral pronouncement of this condition at sentencing was an attempt "to describe the standard condition" and nothing more. Accordingly, we find no error in the District Court's imposition of the standard condition.

Finally, the restriction on opening new lines of credit without prior approval is a recommended special condition where restitution is ordered paid in installments, as was the case here. *See* U.S.S.G. § 5D1.3(d)(2). The District Court's imposition of this special condition was not error.

Upon review of the record, the arguments presented, and the relevant law, we conclude that defendant's remaining arguments are without merit. We do not foreclose the possibility that the District Court or U.S. Probation Office may clarify the conditions of supervised release from time to time as may be required.

The judgment of the District Court is **AFFIRMED.**